**No. 25-30293**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

Carla White,

Plaintiff - Appellant

v.

North Louisiana Criminalistics Laboratory,

Defendant - Appellee

---

**On Appeal from**
United States District Court for the Western District of Louisiana
5:21-CV-1850

---

**REPLY BRIEF OF APPELLANT CARLA WHITE**

---

Submitted By:

Allison A. Jones, T.A.
Downer, Jones, Marino & Wilhite, L.L.C.
401 Market Street, Suite 1250
Shreveport, LA 71101
(318) 213-4444
Fax (318) 213-4445

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

INTRODUCTION .......................................................................................2

ARGUMENT ..............................................................................................2

I.    Plaintiff Satisfied All Elements of Her Gender Discrimination Claim. ...................................................................2

    A.    Plaintiff Was Replaced by a Male. ......................................2

    B.    Defendant Incorrectly Construes Similarly Situated to Require Comparators to Be Exact Replicas. ..........................3

II.    Plaintiff Satisfied All Elements of Her Retaliation Claim. ..................................................................................5

    A.    The District Court Impermissibly Discredited the White Affidavit. ...........................................................5

    B.    But-For Causation Does Not Apply at the Prima Facie Stage for Title VII Retaliation Claim. ...........................7

III.    The District Court Did Not Reach the Third Step of the *McDonnell-Douglas* Analyis, So Neither Should this Court. .....8

CONCLUSION ............................................................................................8

**CERTIFICATE OF SERVICE**........................................................10

**CERTIFICATE OF COMPLIANCE**..................................................11

ii

# TABLE OF AUTHORITIES

**Cases**

*Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020)....7

*Hardison v. Skinner*, 2022 U.S. App. LEXIS 18995, at *7 (5th Cir. July 11, 2022) ..............................................................................................4

*Harilall v. Univ. Health Sys. Dev. Corp.*, 174 F.3d 197, 1999 WL 152923, at *1 n.1 (5th Cir. Feb. 28, 1999) ........................................................3

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).............4

*Mendoza v. El Paso Cty.*, 2012 U.S. Dist. LEXIS 74600, at *16-17 n.5 (W.D. Tex. May 30, 2012)..................................................................3

*Richardson v. Prairie Opportunity*, 470 Fed. App'x 282, 286-87 (5th Cir. 2012) ..............................................................................................7

*Sentry Ins. v. Morgan*, 101 F.4th 396, 399 (5th Cir. 2024).......................8

## INTRODUCTION

In her Original Brief, Plaintiff presented evidence and argument that genuine issues of material fact preclude the entry of summary judgment against her. That brief anticipated much of Defendant's argument. This Reply Brief attempts to set forth only those matters in Defendant's Brief which require a response beyond what was asserted in the Original Brief.

## ARGUMENT

### I. Plaintiff Satisfied All Elements of Her Gender Discrimination Claim.

#### A.   Plaintiff Was Replaced by a Male.

Defendant challenges that Plaintiff was replaced by someone outside of her protected class. At the same meeting where Defendant admitted that it would demote Plaintiff, she instead resigned her position of Firearms Supervisor. Defendant admits that Plaintiff would have been demoted had she not stepped down.[1] Based on the evidence presented at the District Court, a reasonable jury could draw a strong inference that Defendant intended to replace Plaintiff with Philip Stout, a male, as

---

[1]      Opposition Brief, pp. 21-22.

Defendant, did in, fact replace Plaintiff with Philip Stout mere days after Plaintiff's voluntary demotion. *See, Mendoza v. El Paso Cty.*, 2012 U.S. Dist. LEXIS 74600, at *16-17 n.5 (W.D. Tex. May 30, 2012) (quoting *Harilall v. Univ. Health Sys. Dev. Corp.*, 174 F.3d 197, 1999 WL 152923, at *1 n.1 (5th Cir. Feb. 28, 1999) (noting the distinction between termination and resignation in lieu of termination is "irrelevant for purposes of determining whether [Plaintiff's] employment ended for discriminatory reasons.").

Defendant's address of Sonia Nunnery is a red herring. At the time which Defendant intended to demote Plaintiff, Sonia Nunnery was not even an employee of Defendant. Instead, what can clearly be inferred from the facts is that Defendant intended to demote Plaintiff to be replaced by Philip Stout, a male. Thus, Plaintiff was replaced by a person outside of Plaintiff's protected class.

**B.    <u>Defendant Incorrectly Construes Similarly Situated to Require Comparators to Be Exact Replicas.</u>**

To the extent that Plaintiff is required to show similarly situated comparators,[2] Plaintiff has met her burden by reference to Alex King

---

[2]    See, Original Brief, p. 42 n.88 for a discussion on the atextual natural of the "similarly situated" prong.

("King") and Josh DeBord ("DeBord"), two males employed by Defendant who engaged in more egregious conduct, who were terminated and rehired and transferred in lieu of termination, respectively.

To be "nearly identical circumstance," Plaintiff and the comparators must have "held the same job responsibilities, shared the same supervisor or had their employment status determined by the same person." *Hardison v. Skinner*, 2022 U.S. App. LEXIS 18995, at *7 (5th Cir. July 11, 2022) (citing *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)). Defendant focuses on the fact that King and DeBord were employed in a different section, the Drug Chemistry section. *Lee* only requires that comparators "share[] the same supervisor or [have] their employment status determined by the same person." 574 F.3d at 260. The record shows that Plaintiff, King and DeBord all had the same supervisors;[3] thus, the fact they worked in a different section is of no relevance. Further, *Lee* requires the "conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Id*. The record shows that King was terminated and then

---

3       ROA.290.

rehired despite his history of misconduct, including missing work, not calling in and not performing satisfactory work when present."[4] Likewise, the record shows DeBord intentionally violated lab procedures to force himself to be reassigned to a different section.[5] The fact that neither King nor DeBord were placed on corrective action plans while Plaintiff was is not indicative of the fact they are not comparators, but instead, indicative of the fact that Defendant treated Plaintiff different from similarly situated male employees. Failing to follow protocol and tardiness were the stated reasons for firing Plaintiff. King and DeBord were guilty of the same, but only Plaintiff was terminated. Thus, this element is met, and the District Court erroneously granted summary judgment on this matter.

## II.    Plaintiff Satisfied All Elements of Her Retaliation Claim.

### A.    The District Court Impermissibly Discredited the White Affidavit.

The White Affidavit details two events where Plaintiff informed her supervisor, Joey Jones, of what Plaintiff perceived was gender discrimination. Contrary to Defendant's assertions, the District Court

---

[4]    ROA.290.
[5]    ROA.290.

did not discount the White Affidavit for being vague or conclusory. Instead, the District Court discredited the White Affidavit for being "self-serving" and because "no other summary judgment evidence provid[ed] further proof that [a] complaint was made."[6] Thus, Defendant's extrapolated reasoning is not supported by the record.

Further, Defendant's argument that the White Declaration was conclusory requires that each paragraph of the White Declaration be read in a vacuum apart from Plaintiff's deposition. In paragraph 11 of the White Declaration, Plaintiff details an event where Plaintiff and four other female employees of Defendant told their supervisor, Joey Jones, of Mr. Barnhill's derogatory comments and inappropriate behavior. Plaintiff's deposition testimony, which was summarized in Appellant's Original Brief's Statement of the Case, Section I.B., provides a fifteen-plus year look into Mr. Barnhill's treatment of Plaintiff and other female employees. In paragraph 5 of White Declaration, Plaintiff makes specific reference to her complaints voiced in her deposition.[7] Thus, viewing all evidence in the record in light most favorable to the non-movant,

---

[6]    ROA.328.
[7]    ROA.289.

6

Plaintiff, she made a complaint of gender discrimination to her supervisor mere months before her termination and in close proximity to her first report of misconduct. These complaints were not conclusory but referenced a chronic, pervasive issue of Mr. Barnhill's treatment of Plaintiff as a woman. The same analysis is true of Plaintiff's August 18, 2020 complaint of gender discrimination. Defendant asking this Court to put on blinders and read the White Declaration in a vacuum is simply contrary to summary judgment procedural law.

### B.    <u>But-For Causation Does Not Apply at the Prima Facie Stage for Title VII Retaliation Claim</u>.

Defendant asserts that Plaintiff did not establish "but-for" causation for her retaliation claim. But-for causation is required at trial, but not at the prima facie stage. *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020). All Plaintiff is required to show is "close enough timing between [her] protected activity and [her] adverse employment action." *Id.* Plaintiff showed a gap of between three-to-one month between her protected activity and her termination. This gap in time has been found sufficient to meet the causation standard. *See, e.g., Richardson v. Prairie Opportunity*, 470 Fed. App'x 282, 286-87 (5th Cir. 2012). Thus, causation is satisfied.

**III.   The District Court Did Not Reach the Third Step of the** *McDonnell-Douglas* **Analyis, So Neither Should this Court.**

Because the District Court found that Plaintiff did not make a prima facie showing on either of her two claims, it did not analyze whether Defendant has presented a legitimate, non-discriminatory reasons for terminating Plaintiff's employment. Defendant acknowledges as much.[8] Yet, Defendant still argues that should this Court find that Plaintiff made a prima facie case under either claim, this Court should reach the issue of a legitimate, non-discriminatory reason for termination. This is a court of review, not first review. *Sentry Ins. v. Morgan*, 101 F.4th 396, 399 (5th Cir. 2024). Therefore, this Court should not embrace this issue should it correctly find that Plaintiff made a prima facie showing.

**CONCLUSION**

For the foregoing reasons, Plaintiff asks this Court to reverse the District Court and remand this matter so that the many issues of fact may be appropriately tried to a jury. The record shows that Plaintiff had a near stellar employment history until she began to "cause trouble" by

---

[8]     Opposition Brief, pp. 16-17.

making complaints of gender discrimination. After these complaints were made, Defendant soured to Plaintiff and eventually retaliated and terminated her employment. Applying the appropriate governing procedural law to this matter should result in this Court reversing the District Court and permitting Plaintiff to present her case to a jury.

SUBMITTED BY:

*/s/ Allison A. Jones*

Allison A. Jones, Bar No. 16990
DOWNER, JONES, MARINO &
WILHITE, LLC.
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on counsel of record identified below and has been transmitted to the Clerk of the Court:

Nichole M. Buckle
Carmouche, Bokenfohr, Buckle, & Day
One Bellemead Center
6425 Youree Dr., Suite 380
Shreveport, LA 71105
Tel: (318) 629-0014
Fax: (318) 404-1571
Email: nikki@cbbd.law

Shreveport, Louisiana, this 13th day of November 2025.

By: */s/ Allison A. Jones*
ATTORNEY FOR PLAINTIFF

10

## CERTIFICATE OF COMPLIANCE

1.　This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1: this document contains 1,321 words.

2.　This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Office 365 Word in 14-point font and Century Schoolbook.

3.　THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETION OF THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN Fed. R. App. P. 32(a)(7), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

Shreveport, Louisiana, this 13th day of November, 2025.

*/s/Allison Anne Jones*
Counsel for Plaintiff-Appellant

11